COPE, Judge
(specially concurring).
In joining the opinion of the court I note that lessees’ challenge to the escalation clause, brought after the 1984 escalation, was based solely on section 718.401(8)(a), Florida Statutes (1983), now section 718.-4015(2), Florida Statutes (1989), and not on proof of actual common law unconscionability. See Steinhardt v. Rudolf, 422 So.2d 884, 889 (Fla. 3d DCA 1982), review denied, 434 So.2d 889 (Fla.1983); see also Avila South Condominium Ass’n, Inc. v. Kappa Corp., 347 So.2d 599, 605 (Fla.1976); Beeman v. Island Breakers, a Condominium, Inc., 15 F.L.W. D1693 (Fla. 3d DCA June 26, 1990); 718.122, Fla.Stat. (1989). The principles outlined in the opinion apply to the former, but not the latter. In other words, should some future rental escalation be unconscionable in fact, relief would be available under Steinhardt and section 718.122, Florida Statutes (1989). See Steinhardt, 422 So.2d at 889; see also Beeman, 15 F.L.W. at D1694-95.